UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
LESLIE RAMIREZ,                                              Case No.: 24-cv-01786 (MMG)

                               Plaintiff,

              -against-

EXCLUSIVE MANAGEMENT SOLUTION GROUP,
INC., ECO MISS BUBBLE, INC., 171ST & ST.
NICHOLAS LAUNDROMAT INC.
and DMITRIY BEREZOVSKY,

                              Defendants.
-------------------------------------------------------------------

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>**





                                            LAW OFFICE OF MARK R. KOOK
                                            Two Park Avenue, 20th Floor
                                            New York, NY 10016
                                            Tel.: (917) 673-9869
                                            <u>mkook@kooklaw.com</u>
                                            Attorneys for Defendants

# **TABLE OF CONTENTS**

Argument ........................................................................................................................................1

No Single Enterprise or Joint Employer ........................................................................................1

Plaintiff's Overtime Claim .............................................................................................................2

Tax Fraud .......................................................................................................................................4

The Legal Standard is Not Disputed ..............................................................................................5

No Tax Fraud Claim .......................................................................................................................6

No Standing ....................................................................................................................................8

No Supplemental Jurisdiction ......................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

Bello v. Pro-Line Pumping Corp.,
   2023 U.S. Dist. LEXIS 106676 (E.D.N.Y. June 20, 2023)............................................................10

Bin Wang v. Leo Chuliya Ltd.,
   2024 U.S. Dist. LEXIS 88305 S.D.N.Y. (May 16, 2024)...............................................................7

Brito v. Marina's Bakery Corp.,
   2022 U.S. Dist. LEXIS 53351 (E.D.N.Y. March 24, 2022)..........................................................10

Bueno v. Buzinover,
   2023 U.S. Dist. LEXIS 38154 (S.D.N.Y. March 7, 2023)............................................................10

Burns v. Scott,
   635 F. Supp. 3d 258 (S.D.N.Y. July 27, 2022) ............................................................................10

Bustillos v. Academy Bus, LLC,
   2014 U.S. Dist. LEXIS 116012 (S.D.N.Y. Jan. 13, 2014)..............................................................5

DeJesus v. HF Management Services, LLC,
   728 F.3d 85 (2d Cir. 2013).............................................................................................................5

Garcia v. 2390 Creston Realty LLC,
   2024 U.S. Dist. LEXIS 104031 (S.D.N.Y. June 11, 2024).............................................................6

Grantley v. City of New York,
   2013 WL 6139688 (S.D.N.Y. Nov. 21, 2013) ...............................................................................5

Heckle v. Matrix Absence Mgmt., Inc.,
   2022 U.S. Dist. LEXIS 225514 (S.D.N.Y. Dec. 4, 2022).............................................................10

Inga v. Nesama Food Corp.,
   2021 U.S. Dist. LEXIS 143208 (S.D.N.Y. July 30, 2021)...........................................................10

Jimenez v. W&S Services, Inc.,
   2024 U.S. Dist. LEXIS 53076 (E.D.N.Y. March 25, 2024).......................................................5, 6

Lipstein v. 20X Hosp. LLC,
   2023 U.S. Dist. LEXIS 167615 (S.D.N.Y. Sept. 19, 2023) .........................................................10

Lopez v. Fluxpace Design & Build, LLC,
   2024 U.S. Dist. LEXIS 42389 (S.D.N.Y. March 11, 2024)...........................................................5

Mateer v. Peloton Interactive, Inc.,
   2022 U.S. Dist. LEXIS 125017 (S.D.N.Y. July 14, 2022)...........................................................10

Metcalf v. Transperfect Translations Int'l, Inc.,
  2022 U.S. Dist. LEXIS 207511 (S.D.N.Y. Nov. 15, 2022) ............................................................10

Perkins v. 199 SEIU United Healthcare Workers East,
  73 F.Supp.3d 278 (S.D.N.Y. 2014).................................................................................................6

Rosa v. La Oficina of Queens, Inc.,
  2023 U.S. Dist. LEXIS 46930 (E.D.N.Y. March 17, 2023)..........................................................10

Thompson v. Elev8 Ctr. N.Y., LLC,
  2023 U.S. Dist. LEXIS 122504 (S.D.N.Y. July 17, 2023)............................................................10

TransUnion LLC v. Ramirez,
  141 S. Ct. 2190, 2205, 210, L.Ed.2d 568 (2021) ..........................................................................10

Yuan v. AA Forest, Inc.,
  2022 U.S. Dist. LEXIS 55562 (E.D.N.Y. March 28, 2022)............................................................7

Defendants respectfully submit this Supplemental Memorandum in support of their motion to dismiss Plaintiff's Amended Complaint.  (See Docket No. 20, at 1 (red lined).)

**Argument**

Plaintiff's Opp. Brief begins by attacking Defendants for complying with the Court's Order.  Plaintiff states that she was "confus[ed]" by Defendants' "piecemeal briefing".  However, the Court stated that Defendants had followed the Court's Order by serving their 5-page Supplemental Br.  (See Docket Nos. ___ and ____.)  The Court's subsequent Order allowed Plaintiff to file an Opposition, and Defendants to file this Reply.  Plaintiff now complains that Defendants, in their 5-page Supp. Br., failed to deny each and every one of Plaintiff's false and conclusory and contradicting allegations.  (See Opp. Br., p. 1)

Defendants did not file an Answer, which must address each allegation, even if such are repetitive and entirely conclusory.  Moreover, Plaintiff's arguments are false.  As shown herein -- and as was shown in detail in Defendants' Moving Br., (which Plaintiff ignores) -- Plaintiff failed to state any factual allegations that can support an FLSA or **any** other Federal claim.  As Plaintiff states, "to be clear," Plaintiff's allegations fail to state valid claims as a matter of law.

**No Single Enterprise or Joint Employer:**  Plaintiff in the Am. Cplt. addresses interstate commerce.  However, "interstate commerce" is just *one* element of a FLSA claim.  Defendants do not by any measure concede that Plaintiff's "remaining wage claims are covered by the FLSA", or that Defendants "waived" any argument concerning "enterprise coverage".  (Opp. Br. p. 1.)

Indeed, on pp. 3-7 of the Moving Br., Defendants specifically showed that Plaintiff failed to state a single factual or other plausible allegation that each of the four Defendants *together* acted as the joint employer; *or* set the rate of pay for each worker in each of the 28 separate Laundromats; *or* shared "joint control"; *or* that the four Defendants possessed "ownership;" *or* had complete control over all workers in each of the 28 Laundromats.

Plaintiff also falsely states (Opp. Br. p. 2) that Defendants "did not dispute that any of the named Defendants was Plaintiff's direct employer". In fact, the only support she cites is to, "Def. Supp. at 4," and review of Supp. Br. p. 4 shows that the **only** "employer" referred to is the single one that issued Earnings Statements to Plaintiff at the 171st Street Laundromat -- Defendant 171st Street. Moreover, Defendants at p. 4 of the Supp. Br. state plainly that Plaintiff, as set forth in the Earnings Statements *that Plaintiff relies upon* in her Opp. Br., "was always paid at time-and-a-half **for each overtime hour worked**." (Emphasis added.) There is no discussion and certainly no admission regarding which defendant was Plaintiff's employer. There also is no distinction as to where any overtime was performed -- just that Plaintiff was paid for each overtime hour she worked.

Plaintiff next offers at Opp. Br. p. 2 a series of supposed admissions by Defendants, after which Plaintiff declares: "As such, to be clear, all Defendants in Plaintiff's FAC were her direct employees." **No** citation to any evidence or admission is provided, or even to the Am. Cplt. Plaintiff only cites "Def. Supp. at p. 2". And there is absolutely **nothing** on p. 2 of the Supp. Br. that even refers to *any* Defendant being a "direct employer" -- let alone an admission by Defendants of such a false allegation. In truth, Defendants only referred to and disputed Plaintiff's "bare legal conclusion" that each of the Defendants *together* acted as joint employer" (*Italics in original.*) There also is *no* reference to Defendant Berezovsky "owning" EMSG. This is just one more of Plaintiff's undisputedly false and desperate arguments. Plaintiff offers **no** citation to any fact, admission or other evidence to support her claims.

Plaintiff asserts allegation-after-allegation that simply repeats the statutory language of the FLSA and NYLL wage and hour laws -- but **without** the mandatory factual specifications required by the Courts in the Southern and Eastern Districts.

**Plaintiff's Overtime Claim:** In her Am. Cplt., Plaintiff offers a completely different set of hours allegedly worked than was alleged in her Orig. Cplt., but her new "hours" are again conclusory, and

factually deficient, and make no sense. Indeed, Plaintiff offers no explanation for her abrupt and inexplicable renunciation of the absurdly long hours she alleged in the Orig. Cplt., in which Plaintiff, under the Federal Rules, frivolously declared that she worked a strict 10am -to- 6pm schedule every day, Monday-Friday. Also removed is the *false allegation that Plaintiff worked "sixty (60) hours"* every week. (See Am. Cplt. Par. 28.) That false sum of hours has been cast aside in the Am. Cplt., apparently in favor of Defendant's Earnings Statements.

In all events, Plaintiff now alleges at Am. Cplt. ¶ 26 that her work "typically began between 8:00 am and 9:00 am and ended **anytime between around** . . . 3:30 pm and 8:00 pm. This was for **typically** five (5) days a week. The manual work, standing alone, involved overtime hours **in many weeks**". Plaintiff then cites hour and payment information straight from Defendants' Earnings Statements for three separate dates.[1] Plaintiff's vague, speculative and conclusory allegations fail to sustain her factually deficient pleading on this motion to Dismiss.

As shown in the Supp. Brief and Moving Brief at pp. 5-7, Plaintiff also alleges at Par. 28 of the Am. Cplt., with no fact or substance that she "would daily remain at work for **approximately** 30 minutes beyond the end of her officially **scheduled shift**. . . . Plaintiff was not paid for this additional time, however. **This is why Defendants' payroll records always show Plaintiff finishing work exactly on the hour or half-hour, when the actual time she finished working would vary . . .** As a result, Plaintiff performed **approximately 2.5 hours of unpaid manual** labor during each week of her employment. These hours amounted to overtime hours in weeks where Plaintiff was already working **in excess of 40** hours." (Emphasis added.)

These entirely vague allegations fail to state a valid FLSA claim. (See pp. _____, infra.)

---

[1] Plaintiff accepts and admits as correct all the hours from the Earnings Statements (i) that she received each week at 171st Street, (ii) that she signed each week accepting her pay, and (iii) that she was always paid weekly at time-and-a-half for each overtime hour she worked. Plaintiff does not dispute or deny these facts, as set down in Defendants' Supp Brief pp. 3-4. (See also Dock. No. 12 -- Moving Brief p.7 n. 3; Berezovsky Decl. at ¶ 7and Exh. 4.)

3

Further, Plaintiff offers similar speculative and conclusory claims that she was not paid for her hours worked at home (to the extent that it is credible that Plaintiff was doing accounting or bookkeeping work for over 28 separate laundromats at her home). As Plaintiff alleges at Par. 29 of the Am. Cplt., "Plaintiff was timeshaved for **approximately seven (7) hours every week**. This involved overtime work **whenever Plaintiff was already working overtime**, **or nearly overtime**, through her manual labor. For example, Defendant recorded Plaintiff as having worked 39 hours over the pay period ending 3/5/23. Since the post-shift **uncompensated manual labor added at least another hour** to this."

Plaintiff, again, throws about these conclusory allegations, leaving the Court to guess how many hours she worked in any specific day or week. Plaintiff states she was "typically" working 5 days a week and "typically" began work every day at 8am or 9am; ended **anytime between around** . . . 3:30 pm and 8:00 pm. Plaintiff states (in ¶ 29) that she was not paid "that week" - - but, which week was that? Plaintiff also alleges that she was already working hours "in excess of 40 hours" -- but Plaintiff still fails to state how many hours comprised the "excess." Put 2-1/2 and 1 together, and you do **not** get well over 50 hours that Plaintiff demands in her Opp. Brief at p. 5. _____.

In addition, Plaintiff does **not** dispute that her signed Earnings Statements show that she was paid for her overtime hours. Plaintiff never addresses the undeniable and documented fact that she accepted and signed each of the weekly Earnings Statements, that state her weekly hours and wages, which were paid by check and by cash. (See Dock. 12, Exh. 4 – Berez. Decl. ¶¶ 7-8; and Exh. 4.) The Earnings Statements also evidence that there is absolutely no basis for Plaintiff's false allegations that she received 2 checks some weeks, or that the Earnings Statement did not include the portion of her pay that was paid in cash.

**Tax Fraud:** Plaintiff also continues to offer paragraphs of the case cites from her Initial Cplt. that did not involve plaintiffs like the Plaintiff here who *did not* having a SSN and the resulting

4

impossibility of her receiving W-2s from *any* employer, or that Plaintiff in fact received a Tax Form 1099.  (E.g., Am. Cplt. ¶¶ 41-47.)

**The Legal Standard is Not Disputed:**  Plaintiff does not dispute any authority cited by Defendants (at pp. 6-8 of their Moving Brief) as to the controlling legal standard here.  See Jimenez v. W&S Services, Inc., 2024 U.S. Dist. LEXIS 53076 at *3-4 (E.D.N.Y. March 25, 2024); Grantley v. City of New York, 2013 WL 6139688, at *1 (S.D.N.Y. Nov. 21, 2013). There is no valid, substantive, and factual allegation in the Complaint stating that Plaintiff worked any overtime hours in a specific week, let alone an overtime hour for which she was not paid.  DeJesus v. HF Management Services, LLC, 728 F.3d 85, 90 (2d Cir. 2013); See Bustillos v. Academy Bus, LLC, 2014 U.S. Dist. LEXIS 3980 *2-3 (S.D.N.Y. Jan. 13, 2014); (Plaintiff  "alleged (among other things) that she was 'typically' scheduled to work three shifts per week, totaling 37.5 hours but would 'occasionally' work an additional 12.5 hour shift).

Plaintiff's consequently cannot escape the fact that her pleading is devoid of the necessary *factual* allegations to state a valid claim.  The Court in Lopez v. Fluxpace Design & Build, LLC, 2024 U.S. Dist. LEXIS 42389 (S.D.N.Y. March 11, 2024), dismissed a putative class action when the plaintiff there simply repeated the language of the FLSA statute, or the elements of a claim as defined by the courts, *but* **without** any factual specifications as to how any defendant preformed such alleged wrongful conduct:

> . . . Plaintiff's "[m]ere conclusory assertions, however, are insufficient to adequately plead" a claim under both the formal and functional tests. *Orellana v. Real Innovative Constr., LLC, 2020 U.S. Dist. LEXIS 21794, at *16 (S.D.N.Y. Feb. 6, 2020). . . .* **(granting motion to dismiss where plaintiffs alleged only that defendants had authority to "fire plaintiffs," "supervise[d] and direct[ed] plaintiffs' work," "had knowledge of plaintiffs pay rates," and that plaintiffs used "[d]efendants['] premises and equipment for their** work") (quoting *Xue Lian Lin v. Comprehensive Health Mgmt., 2009 U.S. Dist. LEXIS 29779, at *6 (S.D.N.Y. Apr. 8, 2009)*); see also *Kwan v. Sahara Dreams Co. II Inc., No. 17-CV-4058 (RA), 2018 U.S. Dist. LEXIS 213782, at *10 (S.D.N.Y. Dec. 19, 2018)* **(doing the same as to plaintiff's conclusory factual allegations supporting joint control)**; *Bravo v. Established Burger One LLC, 2013 U.S. Dist.*

5

> *LEXIS 146237, at \*18 (S.D.N.Y. Oct. 8, 2013)* ("Courts in this circuit have held that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test" are insufficient to survive a motion to dismiss."). . . . Plaintiffs do not "attempt to support th[eir] allegations with specific examples of . . . Defendants exercising the extensive authority they purportedly had." *Orellana, 2020 U.S. Dist. LEXIS 21794 at \*18*. **Rather, Plaintiff merely "recite[s] the *Carter* and *Zheng* factors and claim[s] that an alleged employer satisfies them without offering further detail." *Id.* (collecting cases where "[c]ourts in this District have routinely dismissed" such complaints).**

--<u>Id</u>. at pp. 10-11 (emphasis added.)

Similarly, the Court in <u>Garcia</u> v. <u>2390 Creston Realty LLC,</u> 2024 U.S. Dist. LEXIS 104031 (S.D.N.Y. June 11, 2024), dismissed a FLSA pleading when plaintiff just recited the language of the FLSA or NYLL, *without* any factual specifications.

> **To plausibly state a FLSA overtime claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."** *Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013).* However, a plaintiff must plead more than the conclusory allegation that he worked more than 40 hours "in some or all weeks." *Dejesus, 726 F.3d at 90;* … **Rather, "a plaintiff must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."** *Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013).*
>
> **Here, the factual allegations in Plaintiff's claim are akin to the "threadbare [and] speculative" pleadings rejected by the Second Circuit.** Plaintiff alleges he performed "typically 40 hours per week in janitorial services and duties" for which he was properly compensated. (AC ¶ 47.) Plaintiff further claims he performed "23 or more hours per week" of traditional non-janitorial services—which he characterizes as "menial physical labor"—but did not receive proper compensation. (Id.¶ 48.) **The AC is devoid of any additional details. Plaintiff's sparse allegations fail to offer any factual context for Plaintiff's claim and therefore render his pleadings deficient.** --Emphasis added.

<u>See</u> <u>Jimenez</u> v. <u>W&S Services, Inc</u>., 2024 U.S. Dist. LEXIS 53076 at \* 6-7 (E.D.N.Y. March 25, 2024); <u>Perkins</u> v. <u>199 SEIU United Healthcare Workers East</u>, 73 F.Supp.3d 278, 282-83 (S.D.N.Y. 2014).

**<u>No Tax Fraud Claim:</u>**  The Court also should dismiss Plaintiff's new and utterly incredible claims under the IRS Code.  Plaintiff Ramirez had to admit that she did not receive a W-2 form because

6

she did not get an SSN Card. Indeed, how could Plaintiff **not** have known -- *before* she filed her Original Cplt. that she did not have a Social Security Card and was **not** eligible to receive a W-2? Did Plaintiff check to make sure she had an SSN card and had actually received a W-2, *before* coming to Federal Court? Plaintiff nevertheless frivolously filed a Complaint under the Federal Rules in the Southern District fully knowing that her claim was a lie. Indeed, Plaintiff, apparently believing there would be no consequences, just accused Defendants of willful tax fraud by failing to file a truthful *W-2*. Then, instead of apologizing and withdrawing her fraudulent pleading, Plaintiff just alleges that Defendants, with willful and fraudulent intent, filed fraudulent *Form 1099s*. (See Bin Wang v. Leo Chuliya Ltd., 2024 U.S. Dist. LEXIS 88305, at *7-8 S.D.N.Y. (May 16, 2024).

**No Valid Allegations**: The cases cited here and in the Moving Dismissal Brief state that a plaintiff *must* allege *specific* and *factual* allegation for such issues as hours worked and not paid, joint control, single integrated enterprise, overtime, and more. In this regard, in Yuan v. AA Forest, Inc., 2022 U.S. Dist. LEXIS 55562 (E.D.N.Y. March 28, 2022), the Court granted a motion to dismiss because the plaintiffs did nothing more than repeat the language and requirements of the FLSA, **without** offering any factual underpinnings.

> These allegations do not adequately demonstrate that Guo possessed the "power to control the workers in question." *Herman*, 172 F.3d at 139. **The allegations in the complaint -- that Guo had the power to hire, fire, set wages, set work conditions and maintain employment records -- are merely restatements of the four *Carter* factors, and are thus too conclusory to establish a claim for relief. *See Chen Lin*, 2021 WL 681075, at *8 (collecting cases dismissing complaints "when they merely allege in allege terms that a defendant performed the functions described as relevant in *Carter*")**; *Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, No. 16-CV-5735, 2017 WL 2600051, at *4 (S.D.N.Y. June 15, 2017) ("[B]oilerplate recitation of the four *Carter* factors is not entitled to the assumption of truth" (citing *Iqbal*, 556 U.S. at 678)). . . . *Han Dynasty, Inc.*, 2019 WL 633355, at *7 ("[T]he allegation that [an individual defendant] held ownership positions does not by itself make them [an] employer." (citations omitted)).
>
> The remaining two allegations-that Guo hired each named plaintiff and paid "all employees" on Mondays (ECF No. 1 ¶¶ 16-20) -- plead minimal facts relating to the first and third *Carter* factors. But there is almost no factual detail that would support

7

a finding that Guo controlled the plaintiffs' employment. *See Irizarry*, 722 F.3d at 109 ("[T]o be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment."). The complaint does not allege facts showing that Guo supervised the plaintiffs, controlled their working conditions, maintained employment records or interacted with them. The absence of these allegations weighs against a finding that an employment relationship exists. . . .

\* \* \*

The allegations against AA Forest are similarly **inadequate**. **The plaintiffs allege that AA Forest, a New York corporation, and LaserShip, are "joint employers" based on the theory that they are a single "enterprise" under the FLSA**. (ECF No. 1 ¶¶ 11, 24.) The plaintiffs say that AA Forest and LaserShip shared staff, paid the plaintiffs regardless of where they performed their work, **advertised themselves as an enterprise**, and "are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners." . . .

These allegations do **not** plausibly establish that AA Forest and LaserShip jointly employed the plaintiffs under a single enterprise theory. Although sharing employees is a fact courts consider in determining whether there is a single enterprise, *see Khereed v. W. 12th St. Rest. Grp. LLC,* No. 15-CV-1363, 2016 WL 590233, at *4 (S.D.N.Y. Feb. 11, 2016), the plaintiffs do not identify any other "shared" staff except themselves. They do not make any other plausible allegations, except in conclusory fashion, that would allow me to infer a single enterprise between AA Forest and LaserShip. The allegations that the two defendants held themselves out as an enterprise, as well as share ownership and a common business purpose are conclusory, and thus insufficient. . . .

\*\*\*

The plaintiffs' arguments are difficult to follow and, in any event, unpersuasive. As explained above, the complaint contains little detail that is specific to AA Forest, and the generic references to the "defendants, " "effectively disable[s]" the Court from gauging the degree of control it exercised. *Han Dynasty, Inc.*, 2019 WL 633355, at *8. . .Although the allegation that the plaintiffs' work was "directly essential" to the defendants relates to the "extent to which the work is an integral part of the employer's business, " the plaintiffs include no factual content at all. The Court cannot conclude that the plaintiffs have pled the existence of an employer-employee relationship with AA Forest based on this record.

**No Standing:**  In addition, Plaintiff still fails to allege any "injury in fact" to have standing to assert a valid claim.  See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2205, 210, L.Ed.2d 568 (2021). Plaintiff is incorrect that her allegations concerning the wage statements that she admittedly received with each payment of wages satisfy the standing requirement of Article III of the United States

8

Constitution. The Supreme Court held in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205, 210, L. Ed. 2d 568 (2021), "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." Plaintiff must *plausibly* allege a concrete harm. *Iqbal*, 556 U.S. 662, 678. In this case, Plaintiff's allegation that she was provided with wage statements that accurately stated the amount she was actually paid cannot plausibly give rise to an inference that the wage statements caused concrete harm.

Plaintiff does not deny that, with each weekly payment, she received a wage statement that accurately stated her rate of pay, status, and the number of hours she was paid for each week. Plaintiff's only allegation of wrongdoing with respect to wage statements is that they misstated her hours of work because she allegedly worked certain "off the clock" hours that were not reflected on the wage statements. It simply is not plausible that the allegedly erroneous wage statements caused Plaintiff any actual injury. At the time the weekly wage statements were given to Plaintiff, she was in the best position she will ever be in to both recall the actual number of hours she worked in the previous week, and to challenge any perceived inaccuracies in the wage statements. Rather than concealing any alleged errors or misconduct by Defendants, the wage statements provided to Plaintiff *form the basis* for her claims.

Moreover, when Defendants pointed out that Plaintiff's complaint is deficient for the additional reason that she fails to allege her actual hours worked in any workweek, Plaintiff pointed to her wage statements to fill that gap. In fact, rather than hindering Plaintiff's ability to challenge alleged underpayments, Plaintiff holds up those very wage statements as **proof** of those payments. Likewise, *if* Plaintiff's allegations of underpayment were credible and satisfied the pleading requirements for such claims – and they do not – and *if* she could sufficiently prove what she claims to be her actual hours worked, the existence of wage statements detailing what she was actually paid each week and how it was calculated would be evidence of underpayment. Accordingly, Plaintiff's

9

argument that the allegedly inaccurate wage statements prevented her from identifying alleged underpayments, or proving them, are patently implausible, and cannot satisfy the requirements for Article III standing in this Court.

This is entirely consistent with the Supreme Court's ruling in *Transunion* and the cases cited by Plaintiff. Courts that have found standing have done so where wage statements were not provided at all; or where the statements provided inaccurate information regarding an employee's status as an exempt or non-exempt employee or her rate of pay.[2] On the contrary, wage statements that accurately present all information concerning the payments actually made to employees fully empower them not only with information they can use to immediately challenge improper payments, but also with *evidence* of what they were actually paid. Underpayment of wages may be an actual harm, but accurate wage statements, like the ones provided to Plaintiff, do not "result in," cause or conceal any such harm.

**No Supplemental Jurisdiction:** Without a federal basis, there cannot be supplemental jurisdiction for Plaintiff here.

---

[2] See, *e.g.*, Bueno v. Buzinover, 2023 U.S. Dist. LEXIS 38154, *5-6 (S.D.N.Y. March 7, 2023) (wage statements "did not include their employers' names and addresses, their rates of pay or gross wages"); Rosa v. La Oficina of Queens, Inc., 2023 U.S. Dist. LEXIS 46930, *27 n.7 (E.D.N.Y. March 17, 2023); (plaintiff "did not receive any wage statements, wage notices, notices of hours, or records of his earned wages or hours worked"); Mateer v. Peloton Interactive, Inc., 2022 U.S. Dist. LEXIS 125017, *4 (S.D.N.Y. July 14, 2022) (employer failed "to provide them with wage notices and pay stubs"); Metcalf v. Transperfect Translations Int'l, Inc., 2022 U.S. Dist. LEXIS 207511, *11 (S.D.N.Y. Nov. 15, 2022) (wage statements inaccurately classified employees as exempt); Thompson v. Elev8 Ctr. N.Y., LLC, 2023 U.S. Dist. LEXIS 122504, *21 (S.D.N.Y. July 17, 2023), report and recommendation adopted 2023 U.S. Dist. LEXIS 173879, *31-32 (S.D.N.Y. Sept. 28, 2023) ("*failure* to provide wage notices and wage statements") (emphasis added); Lipstein v. 20X Hosp. LLC, 2023 U.S. Dist. LEXIS 167615, *25 (S.D.N.Y. Sept. 19, 2023) (wage statements did not contain rate of pay); Bello v. Pro-Line Pumping Corp., 2023 U.S. Dist. LEXIS 106676 (E.D.N.Y. June 20, 2023), (plaintiffs "never received their statutorily required wage statements and notices"); Heckle v. Matrix Absence Mgmt., Inc., 2022 U.S. Dist. LEXIS 225514, *22 (S.D.N.Y. Dec. 4, 2022) (standing issue was not raised or discussed); Inga v. Nesama Food Corp., 2021 U.S. Dist. LEXIS 143208, *25 (S.D.N.Y. July 30, 2021) (same); Burns v. Scott, 635 F. Supp. 3d 258, 277 (S.D.N.Y. July 27, 2022) (employer "failed to provide him with a wage notice at the time of his hiring, and failed to furnish 18 weekly wage statements"); Brito v. Marina's Bakery Corp., 2022 U.S. Dist. LEXIS 53351, *33 (E.D.N.Y. March 24, 2022) (standing issue was not raised or discussed).

Dated: September 11, 2024

                                  LAW OFFICE OF MARK R. KOOK

                                  By: _____
                                        Mark R. Kook
Two Park Avenue, 20th Floor
New York, NY 10016
Tel.: (917) 673-9869
Attorneys for Defendants